**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:17CR-00060-001 |
| vs. | : | Judge Barrett |
| SAMUEL WHITT, | : | |
| Defendant. | : | |

**SENTENCING MEMORANDUM**

Now comes Samuel Whitt, by and through counsel, and hereby submits this sentencing memorandum for the Court's consideration at sentencing.

**Introduction.**

Samuel Whitt is scheduled to be sentenced on September 4, 2019, after pleading guilty to criminal interference with the right to fair housing. He entered into a plea agreement pursuant to Rule 11(c)(1)(C) with a sentencing range of up to 60 months. For the reasons that follow, Sam requests that the Court impose a sentence of 36 months imprisonment (i.e., a sentence that would constitute just over half of the agreed-upon range). Additionally, Sam seeks a period of supervised release where probation can address his alcohol use, anger, and childhood trauma. Any sentence in excess of 36 months is unwarranted given Sam's history and characteristics.

**Samuel Whitt's history and characteristics and the nature of the offense.**

From the outset, Sam acknowledges that the offense conduct in this case is serious. He pled guilty to interfering with the victims' right to fair housing because of their race. While his offense caused physical damage, he also knows the emotional turmoil that resulted from his conduct. At the time of sentencing, Sam will apologize to the victims for the pain and suffering

caused by his actions. While he knows that an apology cannot begin to excuse his behavior, he hopes that the victims find solace in the term of imprisonment he must serve as punishment.

Without disregarding the seriousness of the crime, this Court, as directed by 18 U.S.C. § 3553(a), must balance the nature and circumstances of the offense against Sam's history and characteristics. A close examination of Sam's criminal history shows that his contact with the criminal justice system began at the tender age of 12 years old. Sadly, this trajectory is unsurprising given the instability Sam experienced throughout his entire childhood. Sam was born into a union where his father physically abused his mother until she escaped the relationship when Sam was 6 years old. Unfortunately, that marriage was not the last toxic relationship for Sam's mother or her children. Instead, she bounced from abusive partner to abusive partner and her children (at times) were the recipients of that abuse. (*See* Defense Exhibit A, Character Letter from Toni Badr) (filed under seal).

Sam recalls times when he would be sitting in school, his mother would come flying in, pick him up, and move the family across the country. He also remembers living in homeless shelters and drug infested hotels. With no real adult role model in his life, Sam grew up quickly, learning to fend for himself. He took to fighting because it became necessary; and at the age of 17, he experimented with alcohol as a way to escape his family circumstances.

Sam's alcohol and drug use is an obvious contributor to his accumulated criminal history. In fact, the instant offense occurred during a period of Sam's life where his drinking was out of control. As detailed in the PSR, just prior to his arrest, Sam was consuming up to eighteen beers in a single sitting. (PSR, ¶141). This excessive drinking often led to black outs and clearly resulted in his poor decision-making. (*Id.*). While Sam does not point to his alcohol use to excuse his behavior, he notes that it provides a backdrop to explain his current offense conduct.

**Retribution and Rehabilitation.**

The government rightly observes that this is not Sam's first offense involving the destruction of personal property, but, in the same breath, wrongly assumes that Sam has made zero efforts to rehabilitate himself. Contrary to the government's assertions, Sam has spent the past couple of years at the Butler County Jail reflecting on not only his offense conduct but his personal shortcomings as well. (*See* Defense Exhibit B, Letter from Samuel Whitt) (filed under seal). Sam realizes that avoidance of similar conduct in the future requires a change from within. To that end, he recognizes a personal need for anger management, alcohol treatment, and therapy/counseling.

As the Court is well aware, the objectives of 18 U.S.C. § 3553(a) require that the sentence encompass more than just retribution for the crime. Rehabilitation is equally, if not more, important. Prior to Sam's arrest, Sam had already begun taking steps toward personal growth and change. (*See* Defense Exhibit C, Letter from Nicole Smith) (filed under seal). In fashioning a sentence in this case, the Court is in a unique position to assist Sam on this continued path of rehabilitation. For that reason, Sam is requesting conditions on supervised release that monitor excessive alcohol use, provide for anger management, and require therapy/counseling.

Notably, in requesting 36 months imprisonment, the defense has attempted to balance the objective of punishment with Sam's rehabilitative needs. As Judge from the Northern District of Ohio observed,

> Respect for the law is promoted by punishments that are **fair** [emphasis supplied]… not those that simply punish for punishment's sake. A sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing (citing *Gall v. United States*, 128 S. Ct. 586 at 599 (2007)).

*United States v. Stern*, 590 F. Supp. 2d, 945 956 (N.D. Ohio Dec. 19, 2008). Here, the fair

punishment is 36 months.

### Restitution.

In addition to fashioning a final sentence in this matter, the Court must also resolve the disputed question of restitution. The government argues that restitution should be ordered in the amount of $66,250, whereas probation avers that $36,466.98 is the correctly calculated total. The defense concurs with probation.

The purpose of the Mandatory Victim's Restitution Act is to repay the victims for their pecuniary *loss*. 18 U.S.C. § 3664(j)(1) requires that if a "victim has received compensation from insurance or *any other source* with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." (emphasis supplied). *See also United States v. Sizemore*, 850 F.3d 821, 825 (6th Cir. 2017) (quoting same). Here, the probation officer correctly determined that the victims were already compensated for their full pecuniary loss. Therefore, the parties entitled to receive restitution – per the statute – include the insurance company and (arguably) the individuals that contributed to the Go Fund Me page.

Ultimately, the probation officer concluded that the task of identifying and reimbursing 2,152 people would be overly burdensome and laborious. Moreover, given the fact that the donations were in fact voluntary, repayment would be neither expected nor appropriate. Probation's conclusions align with the statute and therefore the Court should order restitution as outlined by probation.

### Conclusion

For the reasons outlined *supra*, a sentence of 36 months, or more than half of the agreed-upon range, is "sufficient but not greater than necessary." 18 U.S.C. § 3553(a).

Respectfully submitted,

*/s/ Zenaida R. Lockard*
Zenaida R. Lockard (KY93402)
Assistant Federal Public Defender
250 East Fifth Street, Suite 350
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Sentencing Memorandum was electronically served upon Kyle Healey, Assistant United States Attorney this 30th day of August, 2019.

*/s/ Zenaida R. Lockard*
Zenaida R. Lockard (KY93402)
Assistant Federal Public Defender